SHAHOOD, GEORGE A., Senior Judge.
 

 Appellants, Toll Jupiter, Limited Partnership, Toll FL GP Corp., and Michael Sheriff, appeal the trial court’s denial of their motion to compel arbitration. Appel-lee, Michael A. Motto, Jr., as purchaser, filed a complaint against appellants for failure to disclose and fraudulent misrepresentation regarding the purchase of a home. We hold that a meeting of the minds never existed between the parties regarding an arbitration clause and affirm the trial court’s denial of the motion to compel arbitration.
 

 In this case, Paragraph 12 of the Agreement of Sale provided that the Buyer agreed that “any and all disputes with Seller ... shall be resolved by binding arbitration .... ” In the blank for the “Buyer’s Initials” at the end of that paragraph, Motto wrote “See Addendum” and initialed that writing.
 

 The “Buyer’s Addendum To: Agreement of Sale” which was submitted to Appellants with the Agreement included three changes to the contract. The first dealt wdth completion of the premises within 18 months. The second provided that “Page 3, Paragraph 12: ARBITRATION: DELETED.” The third Addendum provided as follows:
 

 Page 3, Paragraph 12: ARBITRATION: DELETE second paragraph reading:
 

 
 *251
 
 “BUYER HEREBY WAIVES THE RIGHT TO A PROCEEDING IN A COURT OF LAW (INCLUDING WITHOUT LIMITATION A TRIAL BY JURY) FOR ANY CLAIMS OR COUNTERCLAIMS BROUGHT PURSUANT TO THIS AGREEMENT. THE PROVISIONS OF THIS SECTION SHALL SURVIVE SETTLEMENT”
 

 Motto had initialed and dated the three-part Addendum July 8, 2006. Appellants signed the contract which included the “See Addendum” language and dated it July 13, 2006.
 

 On July 18, 2006, Appellants sent Motto a letter that began, “We are pleased to enclose an executed copy of your Agreement of Sale ....” It did not contain any reference to the Addendum.
 

 In a letter dated August 2, 2006, Motto sent Appellants a letter which provided as follows:
 

 At this time, the undersigned is in receipt of the executed Agreement of Sale for the above referenced lot. Unfortunately, when the undersigned received the executed Agreement of Sale ... none of the buyer addendums were attached to the Agreement. If you will recall, you did indicate to the undersigned that Toll accepted the addendum regarding the failure to substantially complete the construction of the premises within eighteen (18) months. Enclosed herein please find a copy of said addendum. Unfortunately, this executed addendum was not attached to the Agreement of Sale. The undersigned does understand that Toll did not agree to the other two (2) addendums on said page, but did agree to the first one. In addition, the undersigned still has not received any response from your office regarding Buyer’s Addendum to Exhibit “H”. Enclosed please find a copy of same. Upon receipt and review, please contact the undersigned to discuss this matter.
 

 Attached to that letter was a copy of the three-part Addendum that had been signed by Motto and dated July 8, 2006. It is undisputed that based on this exchange, Appellants built the house and approximately a year later, Motto closed on the contract. There is no version of the Addendum that is initialed or signed by Appellants in the record, and Motto never asserted that Appellants agreed to delete the arbitration clause.
 

 At the hearing on Appellants’ Motion to Compel Arbitration, Appellants argued that the letter from Motto made it clear that he had followed through with the purchase of the home, based on the contract that did not include the Addendum deleting the arbitration agreement.
 

 Motto argued that the exchange of the letters had the following impact:
 

 You’re not accepting it, I don’t want yours. If they wanted me to accept the arbitration agreement, they should have me then come in saying, Mr. Motto, you signed the contract, you clearly state here that you want it deleted, we now want you to come in and execute the arbitration agreement like you’re supposed to, cross out your addendum, sign it again.
 

 They never did that. And for a meeting of the minds, you have to show that, that I actually agreed to it. Here it’s just saying we have two different opinions: They want it, I don’t.
 

 He asserted that they had built the house and he had occupied it without ever reaching a meeting of the minds on the arbitration clause.
 

 In order to prevail on a motion to compel arbitration, the trial court must
 
 *252
 
 determine “(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the light to arbitration was waived.”
 
 See Seifert v. U.S. Home Corp.,
 
 750 So.2d 633, 636 (Fla.1999).
 

 We conclude, based on the facts in this case, there was never a valid written agreement to satisfy the first element of the
 
 Seifert
 
 requirement. Accordingly, we affirm the trial court’s order denying appellants’ motion to compel arbitration.
 

 Affirmed.
 

 WARNER and HAZOURI, JJ., concur.